**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL JONATHAN RASHAD** | § | |
| **HOLLOWAY, #43445-177.** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:12-CV-3874-M-BK** |
| | § | **(3:11-CR-250-M-03)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set

aside, or correct sentence.  The Court did not require the Government to respond.  For the

reasons that follow, it is recommended that the section 2255 motion be summarily dismissed.

## I.  BACKGROUND

Petitioner pleaded guilty to conspiring to possess with intent to distribute a controlled

substance, and was sentenced to 138 months' imprisonment and a four-year term of supervised

release.  *See United States v. Holloway*, 3:11-CR-250-M(03) (N.D. Tex., Dallas Div., Jul. 13,

2012).  Petitioner timely filed this section 2255 motion alleging "denial of effective assistance of

counsel" based on "lack of personal jurisdiction . . . subject matter jurisdiction . . . [and]

standing."  (Doc. 2 at 5-6).  Attached to his motion was an unsigned document titled "Facts,"

which (1) alleged Petitioner is "a state citizen, not a citizen of the United States," (2) claimed that

"[v]irtually every Federal initiative . . . in both civil and criminal actions [was] defective by

virtue of being without lawful authority," and (3) discussed "Jurisdiction in Personam," the

"Standing to Sue Doctrine," "Federal Crimes," and the "Tenth Article of Amendment."  *Id.* at 8-

24.

As a result of Petitioner's failure to state any facts in support of his ineffective assistance claims, the Court ordered him to resubmit the section 2255 motion with supporting facts in compliance with Rule 2, of the Rules Governing Section 2255 Proceedings. (Doc. 3). The amended motion, however, is unsigned and also does not present supporting facts. (Doc. 6). Thus, the Court again issued a deficiency notice and order. (Doc. 7). Petitioner's second amended section 2255 motion alleges "[d]enial of effective assistance of counsel" because defense counsel "did not file the motions that [Petitioner] asked . . . him to file [specifically] the motion attached which was for 'subject matter jurisdiction, personal jurisdiction, and law of standing.'" (Doc. 8 at 7). To his second amended motion Petitioner once more appended the unsigned "Facts" document, which, in context, appears to be the motion he contends that counsel refused to file. *Id.* at 8-24.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To show prejudice in the context of

a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Ordinarily, a guilty plea waives all non-jurisdictional defects, including ineffective assistance claims. However, a petitioner may raise ineffective assistance to the extent that it affected the voluntariness of his plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983)) ("'once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived,' and the waiver 'includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'").

Here, Petitioner does not claim that his guilty plea was unknowing or involuntary. Nor does he claim that in light of defense counsel's failure to present the jurisdictional arguments raised in the *Facts* document, he would have insisted on proceeding to trial. Indeed, the record reveals Petitioner reaped substantial benefits by pleading guilty and thus obtaining a guideline offense-level reduction of three levels for acceptance of responsibility. *See* PSR ¶¶ 9, 73-75, 85-86.

In any event, it is well settled that counsel is not required to present a frivolous motion or objection. *See United States v. Preston,* 209 F.3d 783, 785 (5th Cir. 2000) (citing *Green v. Johnson,* 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."). Petitioner contends defense counsel was ineffective because he refused to file a motion that raised "subject

matter jurisdiction, personal jurisdiction, and law of standing." (Doc. 8 at 7). However, the arguments presented in the *Facts* document clearly do not present a nonfrivolous basis for challenging the District Court's jurisdiction over Petitioner's criminal proceeding. Therefore, Petitioner cannot establish ineffective assistance of counsel.

Thus, this section 2255 motion is subject to summary dismissal. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the section 2255 motion be summarily **DISMISSED** with prejudice.

SIGNED January 29, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE